# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

FABIAN SHIM,

    Petitioner,

v.

FRANK B. BISHOP, JR., *Warden*, and
ATTORNEY GENERAL OF
THE STATE OF MARYLAND,

    Respondents.

Civil Action No. TDC-16-3979

## MEMORANDUM OPINION

Fabian Shim, currently confined at the North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Shim's 2013 conviction in the Circuit Court for Prince George's County, Maryland for first degree murder. At the Court's request, Respondents filed an Answer to the Petition, and Shim filed a Reply to the Answer. For the reasons set forth below, the Petition is denied and dismissed.

## BACKGROUND

On April 18, 2013, Shim was convicted by a jury in the Circuit Court for Prince George's County of first degree murder. He was sentenced on June 25, 2013 to life imprisonment. On appeal to the Court of Special Appeals of Maryland, Shim argued that: (1) the trial court erred in limiting the scope of re-cross examination of Michael Stewart, a prosecution witness; and (2) the trial court erred in admitting into evidence several prior consistent statements of two witnesses, Selwyn Alleyne and Valerie Nichols. On April 13, 2016, the Court of Special Appeals affirmed

Shim's conviction. Shim raised the same claims in a Petition for Writ of Certiorari to the Court of Appeals of Maryland, which was denied on July 12, 2016.

On November 10, 2016, Shim submitted the instant Petition, which was received and docketed by this Court on December 13, 2016. Because the Petition is dated November 10, 2016, it is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (holding that a prisoner's filing shall be deemed to have been filed on the date it was deposited with prison authorities for mailing); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (citing *Houston*).

## DISCUSSION

In the Petition, Shim presents the same arguments he raised before the Court of Special Appeals of Maryland. Specifically, he asserts that: (1) the trial court erred in limiting the scope of Stewart's re-cross examination; and (2) the trial court erred in admitting into evidence several prior consistent statements of Alleyne and Nichols. According to Shim, both errors violated his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. Respondents assert that the Petition should be denied because Shim's claims do not assert a cognizable basis for federal habeas relief, one claim cannot be considered based on the doctrine of procedural default, and the state court properly decided the claims.

### I. Exhaustion of State Remedies

As a threshold matter, a petitioner seeking habeas relief in federal court must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1) (2012); *Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion requirement is satisfied by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here,

Shim filed raised his claims on direct appeal to the Court of Special Appeals. When his conviction was affirmed, he sought and was denied further review of these claims by the Court of Appeals of Maryland. Thus, he has exhausted state court remedies.

## II. Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "[A] a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 599 U.S 766, 773 (2010). The state court's application of federal law must be "objectively unreasonable." *Id.* Furthermore, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.*

The relevant state court determination for review is the last "explained" state court decision to consider the claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). Here, that decision is the opinion of the Court of Special Appeals of Maryland on direct appeal. *See Shim v. State*, No. 0940 (Md. Ct. Spec. App. Apr. 13, 2016). Shim's claims for federal habeas relief will therefore be reviewed in the context of the analysis of the Court of Special Appeals on the same claims asserted here.

## III. Re-Cross Examination

Shim first argues that the trial court erred by barring certain questions on re-cross examination of Stewart, a witness who generally testified that he found the body of the deceased victim when he came to work. On direct examination, the prosecution elicited testimony that Stewart had pending charges for murder, possession of a controlled dangerous substance, and possession of a handgun, but that he did not receive any benefit or promise of any benefit relating to those charges in exchange for his testimony in Shim's case. On cross examination, defense counsel asked no questions about those pending charges but instead focused only on Stewart's observations regarding a vehicle that he saw at his workplace the night before he discovered the victim's body. On redirect examination, the prosecution asked only a single question, whether it was possible that Stewart saw that vehicle but not its "special license plate and body damage," to which Stewart responded, "That's a possibility." 4/11/13 Trial Tr. at 20, ECF No. 6-5. When defense counsel then sought to question Stewart about his prior convictions during re-cross examination, the trial court sustained the prosecution's objection, concluding that although it would have allowed such questioning on cross examination, defense counsel had made the tactical decision not to pursue the issue on cross examination, and it went beyond the scope of redirect examination.

Respondents first argue that this claim is not cognizable for review by this Court because it does not allege a violation federal law. For a claim of relief under presented under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239 & n.5 (4th Cir. 1994) (declining to consider a habeas claim regarding the reliability of DNA evidence because of the failure to allege a violation of a federal right). Although Shim generally asserted in his Petition that the limitation on re-cross examination violates his due process rights under the Fifth and Fourteenth Amendments, he did not articulate specifically how the limitation violated those provisions. However, in his Reply, Shim cited federal case law and specifically invoked the Confrontation Clause of the Sixth Amendment to the United States Constitution. Similarly, he referenced the Confrontation Clause and federal case law in his brief to the Court of Special Appeals. Accordingly, the Court declines to dismiss this claim as not cognizable.

On the merits, however, Shim's claim fails. In his federal constitutional claim, Shim cites *United States v. Caudle*, 606 F.2d 451 (4th Cir. 1979), in which the court held that "[t]o deny re-cross examination on matter first drawn out on redirect is to deny the defendant the right of any cross-examination as to that new matter." *Id.* at 458. He also invokes *United States v. Riggi*, 951 F.2d 1368 (3d Cir. 1991), in which the court held that "[w]hen material new matters are brought out on redirect examination, the Confrontation Clause of the Sixth Amendment mandates that the opposing party be given the right of recross-examination on those new matters." *Id.* at 1375 (citation omitted). In denying Shim's claim on direct appeal, however, the Court of Special Appeals found that after the prosecution's single question on redirect examination relating to Stewart's observations of the vehicle, the trial court would have

permitted re-cross examination on that topic. This finding was reasonable. *See* 28 U.S.C. § 2254(d); *Renico*, 599 U.S at 773. Thus, there was no denial of the opportunity to question the defendant about any "new matter" first raised on redirect examination that arguably could implicate federal constitutional rights.

Rather, the Court of Special Appeals concluded that the trial court properly exercised its discretion to bar questioning about Stewart's prior criminal convictions because that topic was beyond the scope of direct examination. Under Maryland Rule 5-611, cross-examination is generally "limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Md. Rule 5-611(b)(1). This rule mirrors Federal Rule of Evidence 611, which limits the scope of cross examination to "the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). Although Stewart's pending criminal charges could relate to his credibility, defense counsel was afforded the opportunity to question on that topic on cross examination. The Court of Special Appeals' conclusion that such a topic was properly excluded from re-cross examination when redirect examination did not address that issue was a reasonable reading of the Maryland Rules of Evidence, and, by extension, its broader conclusion that this claim did not warrant a new trial, for constitutional reasons or otherwise, was reasonable. *See* 28 U.S.C. § 2254(d); *Renico*, 599 U.S at 773. Shim has offered no new basis upon which to conclude that such a denial of re-cross examination as beyond the scope of redirect examination would violate either the Confrontation Clause or the Due Process Clause. Accordingly, the Court will deny the Petition as to Shim's claim relating to re-cross examination.

## IV. Prior Consistent Statements

Second, Shim claims that the trial court's decisions to permit the prosecution to elicit testimony about prior consistent statements of two witnesses, Alleyne and Nichols, violated his constitutional rights. Specifically, Shim contends that the trial court should not have admitted the prior consistent statements because the witnesses made those statements after the motive to fabricate arose.

Alleyne, who was Shim's friend, testified that on Friday, November 10, 2006, the night of the murder, he drove Shim to two Federal Express facilities before dropping him off at another location to pick up his friend's BMW. On cross examination, Alleyne acknowledged that he had told the police six months after the murder that he had dropped Shim off to pick up the BMW earlier in the week and that he did not remember what specific day he drove Shim to the Federal Express locations, and that prior to giving these statements, the police told him that he should cooperate or he would be charged with crimes relating to the murder. During redirect examination, the prosecution attempted to elicit a prior consistent statement from Alleyne, to which Shim objected because that statement was given after Alleyne was interrogated by the police and, therefore, had a motive to fabricate. The trial court sustained Shim's objection after noting that the prosecution's question was too vague. The prosecution then elicited from Alleyne, without objection, that he had dropped Shim off to pick up the BMW both on November 10, 2006 and at an earlier point mid-week.

At trial, Nichols testified that Shim, who was her fiancé, had previously threatened to kill her. During cross examination, Nichols admitted that she had told the grand jury that other people heard Shim threaten to kill her, a fact which was notable because at trial, no one else testified to having heard the threat. On redirect examination, the prosecution elicited from

Nichols, over defense counsel's objection, testimony that she had told the grand jury about Shim's threat. Defense counsel argued that her statement to the grand jury was not a prior consistent statement because her grand jury testimony occurred after a dispute had arisen between Shim and Nichols over $5,000, which Shim alleged was Nichols's motive to testify falsely. However, the court ruled that where defense counsel had elicited a certain statement that Nichols made to the grand jury relating to the threat, Nichols's prior consistent statement to the grand jury was admissible under the doctrine of verbal completeness.

Nichols had also acknowledged on direct examination that she had not been completely accurate when she spoke to the police on November 11, 2006, because she was stressed and confused. When she admitted under cross examination that her trial testimony that Shim returned home at 2:30 a.m. on November 11, 2006 differed from what she initially told police about the time when Shim returned home that night, the prosecution elicited testimony on redirect examination that she had told the grand jury the same account she told at trial, and that she had told the police certain details she did not state to the grand jury. Although defense counsel objected on the grounds that these statements were similarly made after Nichols had a motive to fabricate, the court allowed the testimony under Maryland Rule 5-616, which provides that a "witness whose credibility has been attacked may be rehabilitated by . . . evidence of the witness's prior statements that are consistent with the witness's present testimony, when their having been made detracts from the impeachment." Md. Rule 5-616(c)(2).

### A. Procedural Default

First, Shim's claim regarding the admission of Alleyne's prior consistent statement has been procedurally defaulted. A claim is procedurally defaulted if a "state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that

procedural rule provides an independent and adequate ground for dismissal." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). If a procedural default has occurred, a federal court may still address the merits of a state defendant's habeas claim if the petitioner can show both cause for the default and actual prejudice that would result from failing to consider the claim on the merits. *See Murray v. Carrier*, 477 U.S. 478, 494-95 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Breard*, 134 F.3d at 620 (quoting *Murray*, 477 U.S. at 488). To demonstrate prejudice, the petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Procedural default may also be excused if the failure to consider the claim on the merits would result in a miscarriage of justice, as demonstrated by a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U. S. at 495-96. "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

On direct appeal, the Court of Special Appeals denied Shim's claim regarding Alleyne's statement on the grounds that it was not properly preserved. That court noted that the trial court sustained Shim's initial objection, but Shim failed to preserve his argument when he did not ask for a continuing objection and did not object to the State's further questioning that elicited the prior consistent statement. Specifically, the court invoked Maryland Rule 4-323(a), which

provides in relevant part that "[a]n objection to the admission of evidence shall be made at the time the evidence is offered or as soon thereafter as the grounds for objection became apparent. Otherwise, the objection is waived." Md. Rule 4-323(a). It also relied on Maryland Rule 8-131(a), which provides that "[o]rdinarily, the appellate court will not decide any other issue unless it plainly appears by the record to have been raised in or decided by the trial court." Md. Rule 8-131(a). Because the Court of Special Appeals decided this issue based on an adequate and independent state law ground, habeas review is barred as to that claim. *See Coleman*, 501 U.S. at 729-30 (holding that where the defendant failed to satisfy a state procedural requirement, habeas review is unavailable because that procedural determination rests on an independent and adequate state ground).

Neither exception to the procedural default bar applies. As to cause and prejudice, nothing in the record suggests that Shim's procedural default was due to external circumstances. Shim also presents no new evidence to support his claim of innocence. Where Shim has provided no basis for excusing his procedural default, the Court will dismiss the prior consistent statement claim relating to Alleyne as procedurally defaulted.

### B. Cognizability

Although Shim raised a federal constitutional argument relating to the re-cross examination claim, he has not done so for the prior consistent statement claims. Other than mentioning federal due process rights, Shim relies primarily on the Maryland Rules of Evidence and does not offer any legal basis to support the claim that the admission of prior consistent statements violated federal rights. Thus, he has not met his "burden of showing a substantial constitutional deprivation." *Clayton v. Haynes*, 517 F.2d 577, 578 (4th Cir. 1975) (stating that it was error for the district court to grant relief based upon nothing more than allegations in the

petition). Shim's reference to the Federal Rules of Evidence and federal case law interpreting those rules is of no consequence, because his state trial was plainly governed by the Maryland Rules of Evidence. *See* Md. Rule 5-101(a) (stating that the Maryland Rules of Evidence "apply to all actions and proceedings in the courts of this State").

Moreover, Shim did not reference due process or other federal rights when he raised the prior consistent statement claims on direct appeal, instead relying entirely on state rules of evidence and state case law. Accordingly, the Court of Special Appeals did not address federal rights in denying those claims. Under these circumstances, the Court finds that the prior consistent statement claims do not raise a cognizable claim for relief through a federal habeas petition. *See Spencer*, 18 F.3d at 239 n.5 (stating that a district court does not entertain a claim for federal habeas relief where no federal constitutional claim on the issue was presented on direct appeal to the state's highest court).

In any event, the Court notes that, based on a review of the record, the Court of Special Appeals' conclusion that the trial court properly admitted the prior consistent statements pursuant to Maryland Rule 5-616 was not an unreasonable application of the law. *See* 28 U.S.C. § 2254(d); *Renico*, 599 U.S at 773. As the Court of Special Appeals noted, the portions of Nichols's testimony challenged by Shim were admissible under the doctrine of verbal completeness and to rehabilitate the witness's credibility as authorized by Maryland Rule 5-616(c)(2).

## V. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the

applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, the Court finds that Shim has not made the requisite showing to warrant a certificate of appealability and thus declines to issue one. Shim may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court denies and dismisses the Petition for Writ of Habeas Corpus with prejudice and declines to issue a certificate of appealability. A separate Order shall issue.

Date: June 25, 2018

THEODORE D. CHUANG
United States District Judge